Opinion of the court, by
Judge Hitchcock:
The only question for the decision of the court in this case, is whether the plaintiffs are entitled to six per cent, damages, under our act of assembly, “ascertaining damages on protested bills of exchange.” In the first section of this act, it is provided, “that when any bill of exchange shall be drawn for the payment of any *sum of money, and such bill shall be legally protested for non-payment or non-acceptance, the drawer or drawers, indorser or indorsers, shall be subject to the payment of twelve per cent, damages thereon, if drawn on any person or persons, or body corporate, without the jurisdiction of the United States; and six per cent, damages therein if drawn on any person or persons, or body corporate, within the jurisdiction of the United States, and without the jurisdiction of this state; and the bills shall in all cases bear an interest of six per cent, from the date of the protest, until the money therein drawn for shall be fully satisfied and paid.” 29 Ohio L. 452. The words of this section are clear and explicit, and would not seem to leave any room for construction. Damages are made to depend not upon the place of payment, but upon the place of residence of the drawee. If he reside without the jurisdiction of the United States, and the bill is protested, twelve per cent, damages attach; but if within the jurisdiction of the United States, and without the jurisdiction of this state, then six per cent. Before the holder of a bill can claim these damages, he must bring his case within the letter of the statute. The damages allowed are in the nature of a penalty, and in such case it is not proper to extend the operation of a statute by construction, beyond its plain and obvious meaning as collected from its words. In the case before the court, although the bill was payable in New York, the drawee was a resident of Ohio; of course the plaintiffs are not entitled to the damages.
*296 If authorities are necessary to sustain this decision, the case of Clay v. Hopkins et al., 3 Marsh. 488, is in point. The statute of Kentucky, upon this subject, is substantially the same with that of Ohio, except that in that state the damages upon a protested bill of exchange are ten per cent. Clay drew upon Hopkins, both being residents of Kentucky, certain bills payable in Baltimore. These bills were afterward jwotested. The court held that the plaintiff could not recover the damages, inasmuch as the drawer, at the time the bills were drawn, was not residing without the state of Kentucky.
The case of Grimshaw v. Bender et al., 6 Mass. 157, is, if possible, still stronger. This was an action on a bill of exchange, drawn at Manchester, in England, upon an American house, having their domicile in Boston, Massachusetts, and payable six months after date, in London. On the day of its date the bill was accepted at Manchester, by one partner of the house upon which it was drawn, then in Manchester, and was afterward protested *for non-payment. Here was a bill drawn, accepted and payable in England, and yet the court held that it was a foreign bill, because drawn upon a house domiciled in America, thereby establishing the principle that the place of residence of the drawee, and not the place of acceptance or payment, gives character to a bill.
Whether if a bill were drawn upon a citizen of Ohio, temporarily residing in New York, and accepted by him in New York, and afterward protested for non-payment, the holder would be entitled to recover the six per cent, damages, we do not undertake now to determine. The last cited case of Grimshaw v. Bender et al., would seem to militate against such claim. That It would be decisive of it, I am not prepared to say.
In accordance with the agreement of the parties, and the opinion of the court, judgment will be rendered in favor of the plaintiffs for $4,281.88, and costs of suit.