In Special Term—January 1855.

STORER, J. presiding.

THE BANK OF NEW ORLEANS *vs.* STAGG & SHAYS.

In an action on a bill, drawn in Cincinnati upon a mercantile house in New Orleans, payable there, and accepted by one of the drawees in Cincinnati, where he resided, and which is protested for non-acceptance or non-payment, the damages allowed by the statute, may be recovered.

STORER, J.

This action is brought upon two bills of exchange, drawn by the defendants upon McGregor & Co. in New Orleans, payable to their own order, and endorsed to the plaintiffs. The bills are for $2500 each, at sixty days'

date, and were accepted by one of the drawees, in the name of the firm, at Cincinnati, where he then resided. The mercantile house of McGregor & Co. was established in New Orleans, as its place of general business, and the bills were there protested, when they became due.

The question raised by the defendants, on this state of fact, is, whether damages can be allowed to the holder.

A construction was given to the Act of 1830, "prescribing the rule of damages on protested bills," by the Supreme Court, in 8 *Ohio* 292, Bank of Canton *vs.* Brainerd et al. It was there held, that the domicil of the drawee determines the question; and that to enable the holder to recover damages, the acceptor must reside without the jurisdiction of the State.

This is unquestionably the true rule; but in the case before us, the acceptors transacted their business as commission merchants in New Orleans; there was the domicil of the partnership business, though one of the members resided in Ohio.

We are asked to apply this rule where, it seems to us, the spirit and the object also of the statute allowing damages, would be violated, if we should hear to the construction contended for.

The legal presumption must be, that the bills were negotiated on the faith that their proceeds would be paid in New Orleans, and were drawn upon property consigned to the acceptors, or on funds of the drawees in their hands. They were accepted by a firm, whose only place of business was in another State, and they were pledged to pay them there, in such funds as were there current in commercial transactions.

If the bills had been drawn upon and accepted by the New Orleans partner, in his own name, there could be no question as to the plaintiff's right to damages. Is the case then changed by the addition of the name of McGregor to the acceptance? We cannot so understand the acts of the parties, nor the proper application of the law to the contract itself. We cannot assume, that the acceptance of the bills by one party in Ohio should discharge the other party an admitted resident of another State from the plaintiff's claim. Such a view of the rights of the parties would practically defeat a claim to damages in every such case, as every foreign bill drawn upon any city in the commercial world, and there accepted, would bear no other construction than that of a promissory note made in Ohio, to be paid in London or Paris.

We believe we may well decide the question, in favor of the claim for damages, on the reason of the case; but the principle involved, we think, is clearly recognized by Chief Justice Parsons, in 6 *Mass.* 157, Grimshaw *vs.* Bender et al., and the opinion of such a jurist may safely be our guide.

It has been suggested that these bills were the renewals of previous drafts; but it is not proved or asserted even that the plaintiffs were privy to the fact, if it ever existed. They are presumed to have obtained the bills in good faith, and are not to be affected by the transactions between other parties, of which they have had no notice.

The claim for damages is therefore allowed.

TAFT & KEY for plaintiff. TILDEN, CURWEN & RAIRDEN for defendant.